HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H5 CAPITAL – SEATTLE REAL ESTATE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ONNI CAPITAL, LLC, <br><br> Defendant. | Case No. 2:20-cv-00801-RAJ <br><br> ORDER DENYING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Fed. R. Civ. P. 12(b)(7) Motion to Dismiss for Failure to Join a Party Under Rule 19. Dkt. # 10. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **DENIED**.

## II. BACKGROUND

In escrow is a $2.5 million deposit. It was left there after a deal between the parties fell through. The question of this litigation is whether the $2.5 million deposit is refundable or not. The question currently before this Court is whether the escrow holder must be joined as a necessary party.

ORDER – 1

1       Plaintiff H5 Capital – Seattle Real Estate, LLC ("H5") owns the land and building
2  located at 121 Boren Avenue North in the South Lake Union neighborhood of Seattle,
3  Washington ("Property").  Dkt. # 11 at 8.  On August 19, 2019, H5 and Defendant Onni
4  Capital, LLC ("Onni") entered an option agreement.  Dkt. # 15-1 at 2-15.  Under that
5  agreement, Onni was granted the exclusive right, for a set period, to buy the Property.  *Id.*
6  In exchange, Onni agreed to pay $500,000 to an "escrow holder," First American Title
7  Insurance Company ("First American").  *Id.* at 2.  And if Onni exercised the option, it
8  agreed to pay an additional $500,000 to First American as a "nonrefundable" deposit for
9  the Property.  *Id.* at 2-3.

       On December 19, 2019, Onni exercised the option.  Dkt. # 1 Ex. A.  The parties
entered a purchase agreement for the Property the same day.  Dkt. # 11 Ex. A.  At the
time, Onni had already delivered $1 million to First American, comprising of the two
option payments, $500,000 for the option itself and $500,000 for the exercise of the
option.  *Id.* at 9.  Under the purchase agreement, Onni agreed to make yet another
payment to First American, an additional $1.5 million for an "earnest money deposit,"
bringing the total deposit to $2.5 million ("Disputed Funds").  *Id.* at 10; Dkt. # 1 ¶ 19.
First American still holds the Disputed Funds in escrow.  Dkt. # 16 ¶ 3.

       Months later, before the deal closed, Onni terminated the agreement.  Dkt. # 1 Ex.
B.  It claimed that its performance under the purchase agreement became "impracticable"
given the COVID-19 pandemic.  *Id.*  To that end, Onni instructed First American to
return the Disputed Funds.  *Id.*

       On May 27, 2020, H5 sued Onni.  Dkt. # 1.  H5 claims that Onni breached both
the option agreement and the purchase agreement.  *Id.* ¶¶ 36-41.  The Disputed Funds, it
claims, are non-refundable and must be paid to H5.  *Id.* ¶ 31.  Besides damages, H5 asks
the Court to declare which party is entitled to the Disputed Funds.  *Id.* ¶ 43.

       Weeks later, Onni moved to dismiss under Federal Rule of Civil Procedure
12(b)(7) for failure to join a necessary party.  Dkt. # 10.  Onni argues that First American

ORDER – 2

is a required and indispensable party under Rule 19. *Id.* According to Onni, because joining First American would destroy diversity jurisdiction and because the Court cannot proceed without it, the Court should dismiss this action. *Id.*

### III.  DISCUSSION

Compulsory joinder is governed by Federal Rule of Civil Procedure 19. *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). The inquiry is two-fold. *Id.* First, the court must determine whether an absent party is "necessary" to an action. *Id.* Then, if the party is necessary and cannot be joined, the court must determine whether the party is "indispensable" such that in "equity and good conscience" the action should be dismissed. *Id.* Only if the court determines that the absent party is a required party does it proceed to the second Rule 19 inquiry. *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002).

#### A.  Necessary Party

First American is not a necessary party. The inquiry ends there, and the Court need go no further. To determine whether an absent party is "necessary," Rule 19(a) provides yet another two-part analysis. *Confederated Tribes*, 928 F.2d at 1498. "First, the court must consider if complete relief is possible among those parties already in the action." *Id.* Second, it must consider whether the absent party "claims a legally protected interest in the subject of the suit such that a decision in its absence will [] impair or impede its ability to protect that interest; or [] expose [the parties] to the risk of multiple or inconsistent obligations by reason of that interest." *Dawavendewa*, 276 F.3d at 1155.

Part two is inapplicable: First American does not claim a legally protected interest in the Disputed Funds. Onni argues that First American, as an "escrow holder" under the purchase agreement, "has an interest in this lawsuit." Dkt. # 10 at 7. It has an interest,

ORDER – 3

1  Onni says, because First American retains "actual possession" of the Disputed Funds.
2  Dkt. # 17 at 5. This is of no moment. Rule 19(a)(1)(B) asks whether the absent party
3  "*claims* an interest relating to the subject of the action." First American makes no such
4  claim to the Disputed Funds that it holds in escrow. Rather, it expressly declares that it
5  "has no pecuniary interest in those funds" and that it will hold the funds only until it
6  receives "mutual written instructions from the parties." Dkt. # 16 ¶ 3. At such time, it
7  says, it "will disburse the funds in accordance with those instructions." *Id.* Given that
8  First American claims no interest in the subject of this lawsuit, it is not a required party
9  under Rule 19(a)(1)(B). Thus, to be considered a required party, Onni must rely on a
10 different subsection, Rule 19(a)(1)(A), and must show that without First American the
11 Court cannot accord "complete relief" among the parties.

12        **i.   Complete Relief**

13 "Complete relief 'is concerned with consummate rather than partial or hollow
14 relief as to those already parties, and with precluding multiple lawsuits on the same cause
15 of action.'" *Alto*, 738 F.3d at 1126 (quoting *Disabled Rights Action Comm. v. Las Vegas*
16 *Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). To be "complete," the relief must be
17 "meaningful . . . as between the parties." *Id.* (emphasis omitted).

18 Onni's principal argument is that no "complete relief" can be awarded if First
19 American is not joined. Dkt. # 10 at 6-8; Dkt. # 17 at 4-6. The argument goes, because
20 the Court does not have jurisdiction over First American, First American will be under no
21 obligation to disburse the Disputed Funds after the Court determines who the funds
22 belong to. Dkt. # 10 at 7. According to Onni, "anything short of an order directing First
23 American to release these funds . . . is not 'complete relief.'" Dkt. # 17 at 5. In its
24 response, H5 argues that no party is alleging any wrongdoing by First American and thus
25 there is no relief to obtain against it. Dkt. # 13 at 9. First American is only "implicated"
26 in this case, H5 says, because it is holding the Disputed Funds "until the Court ascertains
27 whether the[] [funds] should be disbursed to H5 or Onni Capital." *Id.* Then, based on

28 ORDER – 4

First American's own representations in this action, it will disburse the funds upon receiving the parties' "mutual written instructions." *Id.* at 10.  Onni argues that First American's assurances are "meaningless."  Dkt. # 17 at 5.

Meaningful relief is complete relief.  Should either party prevail, the Court may indeed fashion relief that is more than partial or hollow—thus meaningful—yet short of an order directing First American to release the Disputed Funds.  For example, the Court may declare who the Disputed Funds belong to.  That is meaningful relief between H5 and Onni, even if it does not bind First American directly.  Sure, after declaratory judgment, some coordination with First American shall be required.  But, for purposes of compulsory joinder, the Court may assume First American's compliance.

For example, in *Alto v. Black*, former members of an Indian tribe sued the Bureau of Indian Affairs ("BIA").  738 F.3d at 1115-19.  Under the tribe's constitution, the BIA had ultimate authority over membership decisions, and the BIA disenrolled the former members from the tribe.  *Id.*  In their complaint, the former members did not name the tribe as a defendant.  *Id.*  The tribe appeared in the action and moved to dismiss, arguing that the former members failed to join the tribe as a necessary party.  *Id.* at 1118. On appeal, the Ninth Circuit held that complete relief could be granted without the tribe and that joinder was not required.  *Id.* at 1126-27.  It reasoned that the district court could provide the following relief: it could rule for the former tribe members, vacate the BIA's disenrollment decision, and remand to the BIA for redetermination.  *Id.* at 1126.  This, the Ninth Circuit said, would have been "meaningful" relief between the parties, "even if it d[id] not bind the [absent t]ribe directly."  *Id.*  Significant here, the Ninth Circuit held that it could assume some compliance from the absent tribe even though it was not a party: "We may assume that the [absent tribe] will [] abide by the BIA's decision, as it is committed by its own Constitution to do, and will also, consistently with its Constitution, provide [the former tribe members] with . . . membership."  *Id.* at 1127.

ORDER – 5

The Court likewise assumes that First American will honor its commitments. Just as the tribe in *Alto* was bound to its constitution, First American is bound by the option and purchase agreements. First American's chief responsibility under those agreements is to hold and disburse funds. Further, First American has declared under penalty of perjury in this lawsuit that it claims no interest in the Disputed Funds and will disburse them once it receives "mutual written instructions from the parties." Dkt. # 16 ¶ 3. The Court has no reason to think that First American will flout either of these promises. Once First American disburses the funds to the prevailing party, that party will have been granted complete and meaningful relief.

Onni argues that First American's representations are "meaningless," for a "possibility exists" that First American will never receive "mutually written instructions" given just how contentious the parties' dispute is. Dkt. # 17 at 5. That may be true of the moment. At this stage, the parties are reluctant to provide mutual written instructions, understandably so given that ownership of $2.5 million is in dispute. But the Court surmises that they will be more amenable later, once the Court declares who the Disputed Funds belong to. If they are not, and if one or both parties hold out, then that becomes a matter of judicial enforcement, which the Court hopes to avoid.

In sum, Onni's view of what relief is meaningful or complete is much too narrow. The Court holds that First American is not a necessary party and that complete relief may be awarded without it.

### IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** the motion.

DATED this 16th day of February, 2021.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6